**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KELEMUA ROBBI, a/k/a Kelemwa
Gelda Robi,
Petitioner,

v.                                                      No. 97-2454

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-418-295)

Submitted: July 20, 1998

Decided: August 13, 1998

Before MURNAGHAN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Ivan Yacub, Falls Church, Virginia, for Petitioner. Frank W. Hunger,
Assistant Attorney General, Civil Division, Charles E. Pazar, Senior
Litigation Counsel, Linda S. Wernery, Office of Immigration Litiga-
tion, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kelemua Robbi petitions for review of a final order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we deny the petition.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West Supp. 1998). The Act defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

The standard for withholding of deportation is more stringent than that for granting asylum. See 8 U.S.C.A.§ 1253(h) (West Supp. 1998);[1]

_____

[1] Robbi was in exclusion proceedings before April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009. Therefore, under the transitional rules contained in§ 309(c)(1) of the IIRIRA, the amendments to the Act do not apply.

2

INS v. Cardoza-Fonseca, 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430.

We must uphold the Board's determination that Robbi is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C.A. § 1105a(a)(4) (West Supp. 1998). **2** We accord the Board all possible deference. See Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Robbi] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Robbi, a native and citizen of Ethiopia, entered the United States as a non-immigrant visitor in December 1990. In her asylum application, Robbi claimed that she fears return to Ethiopia because she believes she will face "dangers of imprisonment, torture or risks to [her] life" because of her membership in the Oromo tribe, because her husband was a member of the Ethiopian Air Force under the Mengistu regime, and because of her political activities in the United States.

With respect to Robbi's claim that she feared persecution on account of her membership in the Oromo tribe, the IJ held that, based on the State Department profile of Ethiopia, while Oromos are subject to some discrimination, there was no evidence that Oromos are currently being persecuted solely on the basis of their ethnicity. When asked whether she personally knew of any Oromos who had suffered mistreatment or persecution, Robbi answered that her cousin had recently been tortured and killed by the Ethiopian People's Revolutionary Democratic Front (EPRDF). In her asylum application, however, Robbi claimed that it was her brother who was killed by the EPRDF. When the discrepancy was pointed out on cross-examination,

_____

**2** We note that 8 U.S.C. § 1105(a)(4) was repealed by the IIRIRA and replaced with 8 U.S.C.A. § 1252(b)(4) (West Supp. 1998). Again, because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c)(4) of the IIRIRA.

Robbi stated that it was neither her brother nor her cousin, but her uncle who was killed. The IJ found that Robbi failed to "present sufficient detail with respect to this matter to enable the Court to make any judgment whatsoever as to what happened to that particular family member or why it happened."

The IJ further found that Robbi failed to establish a well-founded fear of persecution based on her deceased husband's military service. The IJ concluded that it was highly unlikely that Robbi would suffer any difficulties because her husband had died some fifteen years earlier and because the only evidence of such difficulties involved family members of high-ranking military generals and colonels who fought up until the fall of the Mengistu government in May 1991. The IJ further supported his conclusion on the fact that Robbi testified that her two teenage sons have remained unharmed in Ethiopia.

Finally, the IJ found that Robbi's political activities as a member of the Coalition of Ethiopian Democratic Forces (COEDF) in the United States did not give rise to a reasonable fear of persecution should she be returned to Ethiopia. Robbi did not hold a leadership position in the organization and the only evidence she presented with respect to persecution of COEDF members was that the leader of the organization was in prison. Robbi failed to present any evidence of persecution of COEDF members. Based on these findings, the Board affirmed the IJ's decision and dismissed Robbi's appeal.

We conclude that substantial evidence supports the Board's finding that Robbi failed to establish a well-founded fear of future persecution. We further conclude that Robbi failed to establish that the current government engaged in a "pattern or practice" of persecuting members of the Oromo tribe. See 8 C.F.R.§ 208.13(b)(2)(I) (1995). The only evidence Robbi presented in support of this claim was a report by Amnesty International which included references to the alleged mistreatment of suspected members of the Oromo Liberation Front, an organization which advocates violence against the current government. Robbi is not a member of this organization. Such reports by private organizations cannot serve as a basis for overturning the Board's decision. See M.A. v. INS, 899 F.2d at 313 & n.6 ("[a] standard of asylum eligibility based solely on pronouncements of private

organizations or the news media is problematic almost to the point of being non-justiciable").

We conclude that substantial evidence supports the IJ's finding that Robbi did not meet her statutory burden. As Robbi has not established entitlement to asylum, she cannot meet the higher standard for withholding of deportation. See Huaman-Cornelio, 979 F.2d at 1000. We accordingly deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5